IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case No. 2:25-mj-167 <br><br> **Filed Under Seal** |

## APPLICATION OF THE UNITED STATES FOR AN ORDER PURSUANT TO 18 U.S.C. §2703(d)

The United States of America, moving by and through its undersigned counsel, Ken Affeldt, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require **Microsoft Corporation USA (Skype)**, an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2), headquartered in Redmond, WA, to disclose certain records and other information pertaining to the Microsoft Corporation USA subscriber as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. **Microsoft Corporation USA** is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require **Microsoft Corporation USA** to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation involving, inter alia, wire fraud (18 U.S.C. §1343); conspiracy to commit wire fraud (18 U.S.C. §1349) and aggravated identity theft (18 U.S.C. §1028A).

## THE RELEVANT FACTS

4. On or about October 20, 2022, the FBI Cincinnati/Columbus RA Field office was contacted by Kimbally Wright (Wright), Director of Corporate Security at ADT Security Services. ADT reported that Direct Communications Sales LLC (DCS), an independent third-party reseller of ADT security systems, physically located at 3369 Indianola Ave, Columbus, Ohio, 43214, had created fraudulent accounts to earn commission sales from ADT.

5. On October 25, 2022, Columbus RA FBI received records from ADT, which showed that Direct Communications LLC is owned by Klaudio Pali (Pali). Pali is also the CEO of the company.

6. On documents provided by DCS to ADT, which included registration information

2

for DCS, indicated directcommunicationohio@gmail.com as the primary email for the company. Further, according to ADT representatives, DCS used directcommunicationsohio@gmail.com. to communicate business transactions, including security system account information.

7. On or about January 28, 2025, FBI SA Kyle Spence (SA Spence) conducted a record check of Direct Communication Sales LLC, which showed Pali as the Registered Agent of the company.

8. Consumer interviews and records obtained during the investigation showed that DCS somehow gained access to consumer identifying information without the consumers knowing of DCS access to the information. DCS then used this information to obtain passing credit scores for fake alarm accounts. ADT determined that DCS attempted multiple queries to get a valid credit score for consumers. This was accomplished by using different naming conventions and the last four numbers of a SSAN on Equifax files.

9. Records obtained during the course of the investigation show that DCS created unique fake emails in the stolen victim's name to avoid ADT's multi email report and flag system. Each email contained the name of the victim, followed by 3-4 number variations, such as Janedoe3472@outlook.com. Several victim interviews confirmed that the emails had never been created or used by the victims.

10. Records collected during the course of the investigation further revealed that false accounts that were created by DCS used the phone number of **614-697-4347** to send false two factor authentication confirmation signals to ADT. This number was associated with **Microsoft Corporation USA (Skype).**

11. Subpoena records from **Microsoft Corporation USA** show that the phone number

3

**614-697-4347**, was associated with a subscriber by the name of "**Kristi Pali**", located at 294 E Whittier St, Columbus, OH, 43206, and email directcommunicationalb@outlook.com. Database searches were unable to locate a real "**Kristi Pali**" anywhere in the United States with that address. However, based on database records, the address is a known address of Klaudio Pali

12. "**Kristi Pali**" is associated with skype ID live:.**cid.aaa03637cf867041**, which was created on March 19, 2022, and closed on December 19, 2022. The number was first used to confirm a two-factor authentication confirmation relating to a panel confirmation on March 23, 2022.

13. Evidence collected during the investigation, including purchase invoices by DCS revealed that DCS did not install any ADT security panels, but rather, Pali sent signals to ADT through his or someone's home, or another location, to make it appear that the account was online/valid, even though no valid account was created.

14. Financial records obtained during the investigation showed that DCS paid the initial fees using unique payment methods, to include virtual card products. The virtual cards were set up and tied to a single credit card. The service used was through "Card Services for Credit Unions." This activity avoided the multi credit card report/flag system and kept the accounts from being past due, avoiding the daily non-pay reports and concealing the identity of Pali as having created the false accounts.

15. Information provided through this order will assist the investigation in attributing possible Skype phone numbers and provide additional identifiers and evidence of communication materials that were used to commit the scheme of defrauding ADT.

## REQUEST FOR ORDER

16. The facts set forth in the previous section show that there are reasonable grounds to

4

believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that **Microsoft Corporation USA** be directed to produce all items described in Part II of Attachment A to the proposed Order.

17. The United States further requests that the Order require **Microsoft Corporation USA** not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

18. In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution.

19. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of

the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

                                              Respectfully submitted,

                                              KELLY A. NORRIS
                                              Acting United States Attorney

                                              s/Kenneth F. Affeldt
                                              KENNETH F. AFFELDT (0052128)
                                              Assistant United States Attorney
                                              303 Marconi Boulevard;
                                              Suite 200
                                              Columbus, Ohio 43215
                                              (614) 469-5715; Fax: (614) 469-2769
                                              Ken.Affeldt @usdoj.gov